UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEE MAJOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3869** |
| **TRAVIS DAY, ET AL.** | **SECTION: "N" (5)** |

## AMENDED REPORT AND RECOMMENDATION

Plaintiff, Lee Major, is an inmate housed in the Dixon Correctional Institute (DCI) in Jackson, Louisiana. He has submitted a complaint pursuant to Title 42 U.S.C. § 1983 for which he seeks leave to proceed *in forma pauperis*.[1] He alleges that while incarcerated at DCI, defendants, Medical Director Travis Day, Dr. Cleveland, and Warden Jason Kent, were deliberately indifferent to his medical needs, in particular, a thyroid condition, and requests monetary compensation. (Rec. Doc. 4, Complaint).

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The motion to proceed as a pauper is deferred to the Middle District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

Plaintiff was incarcerated at DCI at the time of the submission of this complaint, which involves an incident that allegedly occurred at DCI. He also indicates that the defendants can be found in Jackson, Louisiana in East Feliciana Parish, which is located within the jurisdiction of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b).

Title 28 U.S.C. § 1406(a) directs that a district court shall dismiss a case laying venue in the wrong division or district, unless the interest of justice calls for the transfer of the case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. §§ 1406(a); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). In the interest of justice, the Court finds that transfer to the Middle District is proper.

Accordingly, **IT IS RECOMMENDED** that the captioned matter be transferred to the United States District Court for the Middle District of Louisiana.

The pending motion to proceed as a pauper (Rec. Doc. 5) is **DEFERRED** to the transferee court for consideration.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in the magistrate judge's amended report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 28th day of June, 2017.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.